IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS

*FILED*
*JUL 3 1 2006*
*DONNA BRAY*
*CLERK*

DOUGLAS B. STALLEY, on behalf of
the United States of America                                    PLAINTIFF

vs.                          Case No. CU - 2006-207 LV H )

AMERIS HEALTH SYSTEMS, LLC,
a Tennessee limited liability company                       DEFENDANT

## COMPLAINT FOR DAMAGES FOR VIOLATION OF
## MEDICARE SECONDARY PAYER ACT, 42 U.S.C. § 1395y(b)

Plaintiff, Douglas B. Stalley, on behalf of the United States of America, hereby

sues Defendant AMERIS HEALTH SYSTEMS, LLC and alleges as follows:

### VENUE

1. Some of the acts and omissions that form the basis of this complaint

occurred in Blytheville, Mississippi County, Arkansas, and therefore, venue in this court

is proper.

### PLAINTIFF

2. Plaintiff, Douglas B. Stalley, brings this action pursuant to the private

cause of action established at 42 U.S.C. § 1395y(b)(3)(A), on behalf of the United

States of America, to recover Medicare payments which were made as a result of the

Defendant's wrongful conduct, and which the Defendant is obligated to pay as Primary

Plans, together with all damages allowable under the law.

## DEFENDANT

3.      Defendant AMERIS HEALTH SYSTEMS, LLC is a participant provider in the Medicare program.  AMERIS HEALTH SYSTEMS, LLC's obligations as a participant are set forth in 42 U.S.C. § 1395y(b)(2)(A), and in federal regulations including but not limited to 42 C.F.R. § 411 and 42 C.F.R. § 489.  AMERIS HEALTH SYSTEMS, LLC's fiduciary obligations to the Medicare program are also set forth in a Provider Agreement that AMERIS HEALTH SYSTEMS, LLC entered into with Medicare.  This Provider Agreement is not in the Plaintiff's possession.  The Agreement is in the Defendant's possession and should be produced by the Defendant to the Plaintiff.  At all times relevant to the claims set forth herein, AMERIS HEALTH SYSTEMS, LLC and its wholly or partially owned subsidiaries owned, operated, and/or managed Medicare-participating hospitals in the State of Arkansas, as well as other states.  At all times relevant, AMERIS HEALTH SYSTEMS, LLC partially carried its own professional liability risk through the use of self-insurance plans, self-insurance retentions, and/or the use of captive insurance subsidiaries.

4.      Defendant constitutes a "Primary Plan" as defined in the Medicare Secondary Payer Act ("MSP"), 42 U.S.C. § 1395y(b) and as such is a primary payer under the MSP.

## DEFENDANT'S WRONGFUL CONDUCT

5.      On numerous occasions, AMERIS HEALTH SYSTEMS, LLC, by and through its employees and agents, caused harm to Medicare recipients who were patients in AMERIS HEALTH SYSTEMS, LLC's hospitals, thereby triggering legal obligation on the part of AMERIS HEALTH SYSTEMS, LLC to pay for any

2

consequential medical service, treatment, or medication.    Nevertheless, AMERIS
HEALTH SYSTEMS, LLC provided medical services, treatment and medication to such
Medicare recipients who were harmed by AMERIS HEALTH SYSTEMS, LLC's own
conduct, and thereafter received reimbursement from Medicare for treating those
injured Medicare recipients.

6.     As stated above, when AMERIS HEALTH SYSTEMS, LLC's own conduct
caused injury to Medicare recipients, such conduct triggered the liability of the primary
payer Defendant named herein to pay any medical bills incurred as a result of such
conduct.   See 42 C.F.R. § 489.20(f) and (g).   Alternatively, if Medicare advanced
conditional payment for the care that the injured Medicare recipients received as a
result of AMERIS HEALTH SYSTEMS, LLC's conduct, the Defendant had the duty and
were required to reimburse Medicare for such expenditures as primary payers under the
MSP. See 42 U.S.C. § 1394y(b)(2)(B)(ii).

7.     Defendant, as primary payer, breached its duties to Medicare by not
paying for the care that injured Medicare recipients received as a result of AMERIS
HEALTH SYSTEMS, LLC's conduct and further by not reimbursing Medicare after
Medicare provided conditional payment for the care that such Medicare recipients
received as a result of AMERIS HEALTH SYSTEMS, LLC's conduct.

8.     The Defendant knew of AMERIS HEALTH SYSTEMS, LLC's injurious
conduct and further that such conduct was a triggering event, obligating the Defendant,
as primary payer, to pay for any medical service, treatment or medication.

9.     Such knowledge came from patient complaints, staff complaints, internal
incident reports and investigations, internal peer review, risk management programs

3

and federally mandated hospital surveys. Additionally, Defendant knew that certain classes of injuries and illnesses (such as in-house acquired pressure ulcers, malnutrition, dehydration, fecal impactions, falls, injuries associated with falls, and preventable infections), occurring on AMERIS HEALTH SYSTEMS, LLC's premises *after* a patient's admission to AMERIS HEALTH SYSTEMS, LLC's hospitals, were sentinel events of elder abuse, neglect, and negligence on the part of the caregiver. These sentinel events were reflected in AMERIS HEALTH SYSTEMS, LLC's billing records and were known to the Defendant, triggering the obligation to ascertain the cause of such injuries or medical conditions prior to submitting any claim to Medicare for reimbursement of any services provided to treat the injuries and conditions caused by AMERIS HEALTH SYSTEMS, LLC. Defendant, as primary payer, had in place risk management programs which were available to the Defendant, putting the Defendant on notice of the sentinel events. Nevertheless, Defendant permitted AMERIS HEALTH SYSTEMS, LLC to bill Medicare directly, and Defendant failed in its obligation to investigate each claim and to determine the Defendant's reimbursement liability as primary payers under the MSP.

10. Although Defendant had actual and constructive notice of the improper billing, Defendant did not create a mechanism to segregate those Medicare recipients whose injuries were caused by AMERIS HEALTH SYSTEMS, LLC's own conduct. Instead, the Defendant allowed AMERIS HEALTH SYSTEMS, LLC to bill Medicare for all the care received by Medicare recipients, including those for whom the Defendant had primary responsibility for payment.

4

11.     In every case where Defendant AMERIS HEALTH SYSTEMS, LLC received Medicare payments for the care they provided to Medicare recipients who were injured as a result of AMERIS HEALTH SYSTEMS, LLC's own conduct, Defendant failed to reimburse Medicare as required under the MSP.

12.     Defendant concealed its wrongful conduct and obligation as primary payer from Medicare.

13.     In those cases where AMERIS HEALTH SYSTEMS, LLC received reimbursement improperly, Defendant likewise concealed the fact that they had been wrongfully reimbursed, and thereafter failed to refund or reimburse Medicare for such payments.

14.     In addition, Medicare recipients who were harmed by AMERIS HEALTH SYSTEMS, LLC's conduct, which triggered primary payment liability on the part of the Defendant, were also treated for their injuries by other healthcare providers who received reimbursement from Medicare for treating such injuries.  Defendant failed to notify and reimburse Medicare for said treatment.  Defendant is liable to Medicare for the Medicare payments made to all providers for the care and treatment the providers gave to Medicare recipients who were injured by AMERIS HEALTH SYSTEMS, LLC's conduct.

15.     As a result, Medicare advanced millions of dollars in payments to pay for the costs of treating Medicare recipients who were injured by AMERIS HEALTH SYSTEMS, LLC's own conduct.  Although Medicare advanced millions of dollars in payments, the Defendant did not reimburse Medicare as required under the MSP and

did not inform or reimburse Medicare for the costs Medicare incurred as a result of
AMERIS HEALTH SYSTEMS, LLC's conduct.

## REMEDY

16.    Plaintiff is entitled to recover double damages, calculated as twice the
amount of the Defendant's unpaid obligation to Medicare under the MSP statute. *See*
42 U.S.C. § 1395y(b)(3)(A).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment
against the Defendant, awarding Plaintiff damages in an amount twice the amount that
Defendant was obligated to pay or reimburse Medicare but failed to do so, as required
by 42 U.S.C. § 1395y(b)(2)(A), plus interest, together with Plaintiff's costs and fees,
including attorneys' fees, and such other relief as this Court deems just. Plaintiff also
demands a trial by jury of all matters triable by right.

Respectfully submitted,

By:    _____

James L. Wilkes, II (AR 98180)
Timothy C. McHugh (AR 98252)
Brian D. Reddick (AR 94057
Susan N. Estes (AR 95221)
Wilkes & McHugh, P.A.
425 West Capitol, Suite 3500
Little Rock, Arkansas 72201
Telephone:   (501) 371-9903
Facsimile:    (501) 371-9905

Attorneys for Plaintiff